STATE of Wisconsin EX REL. Robert BINGEN, Donald Heesen, Norman Faber and Arthur Weis, Plaintiffs-Respondents,

v.

Lisa BZDUSEK and James Johnson, Defendants-Appellants.

Court of Appeals

*No. 01–3015. Submitted on briefs June 7, 2002.—Decided July 10, 2002.*

2002 WI App 210

(Also reported in 650 N.W.2d 894.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Raymond J. Pollen* and *Ryan G. Braithwaite* of *Crivello, Carlson & Mentkowski, S.C.*, Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Phillip J. Eckert* of *O'Meara Law Firm, LLP*, West Bend.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. ANDERSON, J. Lisa Bzdusek and James Johnson appeal from a circuit court decision granting a motion for summary judgment concluding that their election to the Addison town board was in violation of WIS. STAT. § 17.25 (1999–2000)[1] because the board excluded the town clerk from participating in the nomination process, and therefore Bzdusek and Johnson had no right to hold their respective offices.[2] We agree with the trial court's conclusion. Therefore, we affirm.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] WISCONSIN STAT. § 17.25 provides:

Vacancies in town offices shall be filled as follows:

(1) In the town board, by the remaining supervisors and the town clerk, except as provided in s. 9.10 and except when the vacancy is caused by removal by the circuit judge as provided by law, which latter vacancy shall be filled by appointment by that judge. Vacancies in other elective town offices shall be filled by appointment by the town board, except as provided in ss. 8.50(4)(fm) and 9.10 and except for vacancies caused by removal by the judge of the circuit court which latter vacancy shall be filled by that judge. Persons appointed under this subsection to fill vacancies shall hold office for the residue of the unexpired term, except persons appointed to fill vacancies as members of the water or light commission, which persons shall hold office only until their successors are elected and qualify and such successors shall be elected at the annual town meeting next after the vacancy occurs if the vacancy occurs 12 days or more prior to the meeting; otherwise at the annual town meeting held in the year next succeeding; but no election to fill a vacancy in the office may be held at the time of holding the regular election for the office.

¶ 2. The facts are not in dispute. This action began as a quo warranto proceeding to challenge the right of Bzdusek and Johnson to hold their respective offices on the town board. Before we address the issue, we briefly discuss its background.

¶ 3. Florida Power and Light Energy applied for a permit to construct a wind turbine farm in the town of Addison. FPL Energy's application and the subsequent pro and con reactions to its application have dominated Addison politics since well before the April 2001 election that gave Bzdusek and Johnson their offices. In June 2001, the town supervisor and town chairperson resigned from the board. As a result, the board consisted of three instead of the usual five members. Two board members were against the proposed wind turbines and one was for it.

¶ 4. Throughout the month of July 2001, the board member in support of the wind turbines, Arthur Weis, failed to attend board meetings. Thus, with three of the five seats empty at board meetings, a quorum of the board was prevented. Without a quorum, the board could not act in any capacity. This not only resulted in a standstill on the wind turbine issue, but also prevented the board from engaging in any ministerial actions. A meeting was convened on August 8, 2001, to fill the vacancies on the board.

¶ 5. At the August 8, 2001 meeting, the board adopted the following motion:

(2) In appointive offices, by appointment for the residue of the unexpired term by the appointing power and in the manner prescribed by law for making regular full term appointments thereto, except vacancies caused by removals by the judge of the circuit court which shall be filled for the residue of the unexpired term by the said judge.

196

I move that nominations to fill the vacancy of Town Chairman and Town Supervisor be presented by Town Board members attending this meeting. If a nomination is presented, and the nomination is seconded, the board members will vote on accepting the nomination. A nomination which does not receive a second will not be considered. More than one nomination can be presented for the Boards [sic] consideration. Any Board member may move to close nominations, and if the board approves the closing of the nominations, vote will then be taken on those nominations which have been received by the Town Board. That vote will consist of the votes of those supervisors in attendance and the Town Clerk.

A roll call vote should then be taken on these nominations. The chairperson will call the roll call and the Town Clerk will record each vote as the vote is announced.

¶ 6. Afterwards, in accordance with the adopted motion, the nomination process proceeded without the participation of the town clerk. Supervisors William Clark and Ronald Roscoe nominated and seconded two candidates, Bzdusek and Johnson, for town chairperson. No further nominations were made and a roll call vote was taken, with the following election result: Clark and Roscoe voted for Bzdusek and town clerk Ellen Wolf and Weis voted "no" for Bzdusek and "no" for Johnson. The town attorney declared that Bzdusek was the town chairperson on a 2–0 vote, and Bzdusek was sworn in and joined the board for the remainder of the meeting.[3]

---

[3] Bzdusek was declared the winner after a "2–0" vote because, like any election, the nominee with the majority of the votes wins. Bzdusek received two votes. Zero votes were cast for Johnson, the other nominee.

¶ 7. The board then opened nominations for the remaining town supervisor position, with Roscoe and Clark nominating Johnson. Weis nominated Donald Heesen, but did not receive a second. A roll call vote was taken. Clark, Roscoe and Bzdusek voted for Johnson; Wolf and Weis voted "no." Johnson was declared town supervisor on a vote of 3–2.

¶ 8. This is a matter of first impression, and with this background, we proceed to our discussion. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). When reviewing a summary judgment, we perform the same function as the trial court and our review is de novo. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). This case involves the validity of the process employed by the town board of Addison to nominate and elect two board members and the question of whether the subsequently elected members have a right to hold their respective offices under WIS. STAT. § 17.25. The interpretation of § 17.25 and its application to a set of facts are questions of law we also review de novo. *See Reyes v. Greatway Ins. Co.,* 227 Wis. 2d 357, 364–65, 597 N.W.2d 687 (1999). When we are asked to apply a statute whose meaning is in dispute, our aim is to ascertain the intent of the legislature. *Gold v. City of Adams,* 2002 WI App 45, ¶ 11, 251 Wis. 2d 312, 641 N.W.2d 446, *review denied* (Wis. May 21, 2002) (No. 01–1173). To do so, we look to the plain language of the statute. *Reyes,* 227 Wis. 2d at 365. Only if the language of the statute renders legislative intent ambiguous do we resort to judicial construction. *Id.*

¶ 9. We begin by noting that there is no dispute that WIS. STAT. § 17.25 contemplates the town clerk's participation in the election of town board officers. The crux of the dispute is whether the statute requires the town clerk's participation in the nomination process. The respondents claim that the nomination power is inextricable from the voting power and that, therefore, the statute requires the town clerk's participation in both phases of the election process.

¶ 10. Bzdusek and Johnson argue that the nomination power and the voting power are two distinct powers and that the town board officers have the discretion to determine their own nominating procedure. They claim that

> [t]he trial court's interpretation of [WIS. STAT.] § 17.25 was incorrect because it failed to consider the presumption that public officials act in good faith; it failed to consider § 17.25 requires and implicitly authorizes the board to adopt a procedure; the procedure adopted fell within the discretionary power of the board; the interpretation leads to an absurd result; and the interpretation unduly elevated the status and power of the town clerk, an appointed position.

We cannot agree.

¶ 11. We hold that WIS. STAT. § 17.25 is unambiguous and requires that the town clerk participate in the process of filling vacancies in town offices. The language of § 17.25 does not authorize the exclusion of the town clerk from the nomination part of the process:

> Vacancies in town offices shall be filled as follows:
>
> **(1)** In the town board, by the remaining supervisors *and* the town clerk . . . . (Emphasis added.)

199

This language means that when a midterm vacancy on the town board occurs, a vacancy that would normally be filled by a person elected by the public, the town clerk is part of the entire selection process. There is no limitation in the statute that parcels out the process of nomination from the power charged to "the remaining supervisors *and* the town clerk." (Emphasis added.)

¶ 12. Futhermore, we do not accept Bzdusek and Johnson's contention that *Gramling v. City of Wauwatosa*, 44 Wis. 2d 634, 171 N.W.2d 897 (1969), controls. Bzdusek and Johnson claim that "when the relationship between [WIS. STAT.] § 17.25 . . . and the procedure adopted by the Board is considered in light of *Gramling*, it is clear that the Board had the power to enact the procedure [which excluded the town clerk from participating in] nominating candidates to fill vacancies in the Town Board." Again, we cannot agree.

¶ 13. *Gramling* is distinguishable from the case at bar. *Gramling* addresses a claim that there was an unauthorized limitation of a mayor's power of *appointment. Gramling*, 44 Wis. 2d at 636. In *Gramling*, the City of Wauwatosa (City) enacted an ordinance changing its method of selecting a city attorney. *Id.* The new ordinance required that the mayor appoint the city attorney, subject to the confirmation of the city council. *Id.* It further provided that a reviewing panel of three attorneys, selected by the City's personnel agent in consultation with the Milwaukee Bar Association, review all applications for the office of city attorney and submit a list of at least two, but no more than three, eligible candidates from which the mayor was to make the appointment. *Id.* at 636–37. Gramling, the city attorney, sued the City claiming that the reviewing panel was an unauthorized limitation of the mayor's power of appointment provided for in WIS.

STAT. § 62.09(3). *Gramling*, 44 Wis. 2d at 639. The court held that although the procedure adopted by the City somewhat limited the scope of the mayor's choices, it limited his choices to those best qualified for the position and thus did not constitute an unlawful delegation of the authority to appoint. *Id.* at 642.

¶ 14. In contrast to the appointment issue in *Gramling*, this case involves a claim that the town board employed an unauthorized *election* process in electing its new members. The town board officers are representatives of the electorate and here we review an electoral process employed to fill a vacancy on a town board, a selection that, but for the midterm vacancy, would normally be filled by the electorate. We do not view appointment and election issues as interchangeable, and we presume the legislature did not mean them to be construed as such.

¶ 15. Moreover, the newly adopted ordinance at issue in *Gramling retained* the requirement in the statute that the mayor make the appointment *subject* to the confirmation of the common council. All the new ordinance did was build in a threshold requirement in the selection process that the mayor's selection come from a list of candidates approved by a panel of attorneys. Hence, the ultimate selection process was in keeping with the statutory process. Here, however, the process excluded the town clerk from the nominating process. If the nomination process is part and parcel of filling a town board vacancy under WIS. STAT. § 17.25 and we hold that it is, then, unlike *Gramling*, the process here violates the statute.

¶ 16. In granting the respondents' motion for summary judgment, the trial court properly concluded that the elections of Bzdusek and Johnson were in violation of WIS. STAT. § 17.25 and properly adjudged

201

that Bzdusek and Johnson had no right to hold their respective offices. While we can appreciate the frustration experienced by the remaining board members due to their inability to form a quorum, we cannot sanction a resolution that is obtained by circumvention of the law.

*By the Court.*—Judgment affirmed.